**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:15-CV-149-RLV-DCK**

| | | |
|---|---|---|
| EFREN ROSALES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND MEMORANDUM** |
| | ) | **AND RECOMMENDATION** |
| | ) | |
| CATAWBA COUNTY SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "Amended Complaint To Change The Name Of Defendant" (Document No. 14) and the Catawba County Board of Education's "Motion To Dismiss" (Document No. 10). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for disposition. Having carefully considered the motions, the record, and applicable authority, the undersigned will grant the motion to amend, and recommend that the motion to dismiss be denied, without prejudice.

## BACKGROUND

Plaintiff Efren Rosales ("Plaintiff" or "Rosales"), appearing *pro se*, initiated this action with the filing of a form Complaint (Document No. 1) on December 14, 2015. Plaintiff's Complaint was filed pursuant to Title VII of the Civil Rights Act of 1964 as amended, and alleges employment discrimination. (Document No. 1).

On May 20, 2016, the Catawba County Board of Education (the "Board") filed a "Motion To Dismiss" (Document No. 10). In short, the Board asserts that "'Catawba County Schools' cannot be a named defendant in this action because, as a matter of law, not such legal entity exists" and therefore, the Complaint should be dismissed. (Document No. 10).

Plaintiff's "Amended Complaint To Change The Name Of Defendant" (Document No. 14) was filed on June 30, 2016. The Board and/or Defendant have failed to file a response to the motion to amend, and the time to do so has lapsed. See Local Rule .1(E).

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

In addition, Fed.R.Civ.P. 15(c)(1)(B) and (C) allow an amendment to a pleading to relate back to the date of the original pleading when the amendment changes the party or name of the party against whom a claim is asserted if the party knew or should have known that the action would have been brought against it, but for a mistake concerning the party's proper identity.

**DISCUSSION**

Plaintiff, in response to the motion to dismiss, now seeks leave to file an Amended Complaint to correct the name of Defendant. (Document No. 14). As noted above, the Board has failed to file a timely response. As such, this matter is ripe for disposition.

Based on the foregoing, including Fed.R.Civ.P. 15, the undersigned finds good cause to allow *pro se* Plaintiff to file an Amended Complaint. Moreover, the undersigned is not persuaded that there is sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend. After careful consideration of the record and the motion, the undersigned finds that Plaintiff's motion to amend should be granted.

Therefore, because the undersigned will order Plaintiff to file an Amended Complaint which supersedes the previous Complaint, the undersigned will respectfully recommend that the Board's "Motion To Dismiss" (Document No. 10) be denied as moot. This recommendation is without prejudice to Defendant filing a renewed dispositive motion later, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no

longer performs any function in the case.")); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that *pro se* Plaintiff's "Amended Complaint To Change The Name Of Defendant" (Document No. 14) a is **GRANTED**. Plaintiff shall file an Amended Complaint on or before **August 1, 2016**.[1]

**IT IS RESPECTFULLY RECOMMENDED** that the "Motion To Dismiss" (Document No. 10) be **DENIED AS MOOT**, without prejudice to re-file.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889

---

[1] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. **If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket**."

F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**SO ORDERED AND RECOMENDED**.

Signed: July 21, 2016

David C. Keesler
United States Magistrate Judge

5