IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:15-CV-00149-RLV-DCK

| | |
|---|---|
| EFREN ROSALES, | ) <br> ) <br> ) |
| v. | ) <br> ) **ORDER** <br> ) |
| CATAWBA COUNTY SCHOOLS, | ) <br> ) <br> ) <br> ) |

**THIS MATTER IS BEFORE THE COURT** on a Memorandum and Recommendation ("M&R") by Magistrate Judge David C. Keesler (Doc. 15) and on Catawba County Board of Education's ("CCBE") Second Motion to Dismiss (Doc. 16) and its Renewed Motion to Dismiss (Doc. 20). Neither Plaintiff Efren Rosales nor CCBE filed any objections to the M&R and Rosales did not respond to CCBE's Motions despite this Court issuing Rosales a *Roseboro*[1] Order. (*See* Doc. 21). Accordingly, the M&R and CCBE's Motions are ripe for disposition. For the ensuing reasons, the M&R is **ADOPTED**, CCBE's First Motion to Dismiss (Doc. 10) is **DENIED AS MOOT**, CCBE's Second Motion to Dismiss (Doc. 16) and Renewed Motion to Dismiss (Doc. 20) are **GRANTED WITH MODIFICATION**, and Rosales's civil action is **DISMISSED WITHOUT PREJUDICE**.

I.     **FACTUAL AND PROCEDURAL HISTORY**

Plaintiff Efren Rosales brought this civil action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging discrimination on the basis of race, color, and national origin. (Doc. 1 at 1-3). Rosales named "Catawba County Schools D/B/A/ Oxford Elementary

---

[1] *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

1

School" as the defendant. *Id.* at 1. Five months after Rosales filed his Complaint, CCBE responded by filing its First Motion to Dismiss, in which it argued that "Catawba County Schools" is not a legal entity and asserted the defenses of lack of personal jurisdiction, insufficient process, and insufficient service of process. (Doc. 11 at 3-4 (citing N.C. Gen. Stat. § 115C-40 ("The several boards of education, both county and city, shall hold all school property and be capable of . . . prosecuting and defending suits for or against the corporation."))). More than one month after CCBE filed its First Motion to Dismiss, Rosales responded by filing a one page document entitled "Amended Complaint to Change the Name of Defendant." (Doc. 14). Rosales's responsive filing stated that he "submits for an Amended Complaint to Change the Name of Defendant to Catawba County Board of Education." (Doc. 14). Rosales did not attach an amended complaint to his responsive filing.

The Court construed Rosales's responsive filing as a motion to file an amended complaint. (*See* Doc. 15 at 3); *see also* Fed. R. Civ. P. 15(a)(1)-(2) (limiting time to amend pleading as a matter of course to within twenty-one days of service of pleading or twenty-one days of response and requiring consent of opposing party or leave of court for all other amendments). The Magistrate Judge issued an order and M&R, granting Rosales's motion to file an amended complaint and recommending that CCBE's First Motion to Dismiss be denied as moot and without prejudice to re-file. *Id.* at 3-4. The order gave Rosales until August 1, 2016 to file his amended complaint. *Id.* at 4. Although advised of their right to do so, neither party objected to the M&R.

August 1, 2016 came and went without Rosales complying with the order by filing his amended complaint or, otherwise, seeking an extension to file his amended complaint. On October 3, 2016, CCBE filed its Second Motion to Dismiss, arguing that Rosales's failure to file an amended complaint amounted to a failure to prosecute and warranted dismissal under Fed. R. Civ.

2

P. 41(b). (Doc. 16, Doc. 17 at 2-3). On December 1, 2016, CCBE filed a Renewed Motion to Dismiss, reasserting its Fed. R. Civ. P. 41(b) argument. (Doc. 20). Cognizant of Rosales's failure to file an amended complaint or respond to CCBE's Second Motion to Dismiss, the Court issued a *Roseboro* order giving Rosales an additional fourteen days to file a response and advising Rosales that his failure to respond might result in the court dismissing his civil action with prejudice. (Doc. 21). As of the date of this order, Rosales has not filed a response or an amended complaint.

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

"A dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of the sound public policy of deciding cases on their merits." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (internal quotation marks and citations omitted). When confronted with a Rule 41(b) motion seeking dismissal based on a litigant's failure to prosecute his case, the district court must consider four criteria to balance the policy in favor of resolving cases on their merits against the advancement of sound judicial administration: "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Id*. (internal quotation marks and citation omitted). Given the harsh consequences inherent to a dismissal with prejudice, as well as the possibility that the aforementioned criteria may weigh against a dismissal with prejudice, a district court retains the authority to dismissal an action without prejudice under Rule 41(b). *Payne*

*v. Brake*, 337 F. Supp.2d 800, 803 (W.D. Va. 2004) (*citing Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001); *Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1180 (4th Cir. 1989)); *see also Browne v. Nationwide Prop. & Cas. Ins. Co.*, 2016 WL 756488, at *4 (S.D. W. Va. Feb. 25, 2016) (relying on evaluation of criteria from *Davis* to conclude that dismissal without prejudice for failure to prosecute was appropriate given harsh sanction of dismissal with prejudice).

Having considered the appropriate factors, the Court concludes that it is proper to dismiss Rosales's civil action for failure to prosecute but that a dismissal without prejudice is more appropriate. Looking at the first criteria from *Davis*, Rosales's failure to participate in this case for more than the last six months, including not complying with this Court's order by filing an amended complaint by August 1, 2016 and his failure to respond to CCBE's Second Motion to Dismiss and its Renewed Motion to Dismiss, counsels strongly in favor of dismissing Rosales's civil action. *See Compel v. Citi Mortg. Inc.*, 2005 WL 4908801, at *1 (E.D. Va. Mar. 28, 2005) (dismissing action after Plaintiff failed to comply with court order by filing amended complaint to cure defects in original complaint). This is particularly true where Rosales, although appearing pro se, demonstrated the ability to file appropriate pleadings, comply with deadlines, and request an extension of time at earlier stages of this action. (*See* Docs. 1, 2, 12, 14); *see also Ramsey v. Rubenstein*, 2016 WL 5109162, at *3 (S.D. W. Va. Sept. 19, 2016) (noting plaintiff's initial participation in litigation and the lack of any indication of an intervening event or force preventing plaintiff from subsequently participating in litigation as evidence that plaintiff was responsible for failure to prosecute). Furthermore, Rosales is personally responsible for his lack of action where the Court issued Rosales a *Roseboro* notice warning Rosales that failure to respond to CCBE's Second Motion to Dismiss and its Renewed Motion to Dismiss might result in the dismissal of his civil action. (Doc. 21). Therefore, the first criteria from *Davis* favors dismissal with prejudice.

Looking at the second criteria from *Davis*, CCBE does not allege any prejudice in either its Second Motion to Dismiss or its Renewed Motion to Dismiss. (*See* Docs. 16, 17, 20). Furthermore, where the defect in Rosales's Complaint is the naming "Catawba County Schools," rather than CCBE, as the defendant, the defect is a technical deficiency and CCBE's participation in this civil action demonstrates that CCBE received actual notice of Rosales's claims. *Cf.* Fed. R. Civ. P. 15(c)(1)(C) (permitting amendment to complaint changing party name to relate back to filing of complaint where proper party received actual notice, knew it was the proper party to the claim, and is not prejudiced by passage of time). CCBE's only potential prejudice is the risk of being forced to defend a suit that Rosales may not have the intent of prosecuting. *See Ramsey*, 2016 WL 5109162, at *3. Therefore, if sufficient prejudice exist to warrant dismissal, the second criteria from *Davis*, at most, favors a dismissal without prejudice rather than a dismissal with prejudice.

On the third criteria from *Davis*, although Rosales is at fault for failing to respond to the Magistrate Judge's order, there is no evidence on the record that Rosales's failed to file an amended complaint for a dilatory purpose. Thus, while the third criteria favors dismissal because of Rosales's history of not responding, the factor favors a dismissal without prejudice rather than a dismissal with prejudice. *See id.* at *3-4 (finding that failure to participate for a year constituted evidence of history of non-participation but that absent evidence that plaintiff "acted deliberately or in bad faith by failing to prosecute . . . dismissal without prejudice is more appropriate").

Finally, on the fourth criteria from *Davis*, a litigant's failure to heed a district court's warning that a failure to act may result in dismissal provides sufficient grounds for the district court to impose the sanction of dismissal upon expiration of the time provided for the party to act. *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989). In fact, a district court has "little alternative

to dismissal" after warning a party that a failure to act will result in dismissal because any lesser sanction would "place[] the credibility of the court in doubt and invite[] abuse." *Id.* at 96. Here, the *Roseboro* order advised Rosales of the possibility of a dismissal with prejudice, but did so through permissive language. Accordingly, while the fourth criteria from *Davis* unquestionably favors dismissal, it is not apparent that it requires a dismissal with prejudice. Having considered the four criteria from *Davis*, the Court concludes that a dismissal without prejudice is the appropriate sanction for Rosales's failure to file an amended complaint or otherwise prosecute his claims for over six months.

### III. DECRETAL

**IT IS, THEREFORE, ORDERED THAT**:

(1) The M&R is **ADOPTED** and CCBE's First Motion to Dismiss (Doc. 10) is **DENIED AS MOOT**;

(2) CCBE's Second Motion to Dismiss (Doc. 16) and its Renewed Motion to Dismiss (Doc. 20) are **GRANTED WITH MODIFICATION**; and

(3) Rosales's civil action is **DISMISSED WITHOUT PREJUDICE** and the Clerk is **DIRECTED** to remove the case from the Court's docket.

Signed: January 18, 2017

Richard L. Voorhees
United States District Judge